J-S43027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMIL SMITH | : | |
| | : | |
| Appellant | : | No. 3224 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 6, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0005731-2021

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 1, 2025**

Appellant, Jamil Smith, appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court).  In 2021, the decedent, Robert Oquendo, was the victim of a fatal hit-and-run accident.  Appellant was the registered owner of the vehicle that struck the decedent.  At the subsequent jury trial, Appellant proceeded *pro se*, and he was found guilty of accidents involving death or personal injury; homicide by vehicle; and tampering with physical evidence.  He was sentenced to an aggregate prison term of eight to 16 years.  On appeal, Appellant argues that the verdict was against the weight of the evidence because his identity as the driver had not been proven; the evidence of his guilt was legally insufficient; and the trial court failed to instruct the jury that it could find the decedent's own conduct was the cause of his death.  We affirm.

On March 3, 2021, at about 11:06 p.m., the decedent was struck by a blue 2003 GMC Yukon sports utility vehicle (the SUV) in the center of the crosswalk at Second and Ontario Streets in Philadelphia, PA. The incident was recorded by nearby video surveillance cameras.

The video footage showed that the walk signal posted at the intersection had turned off before the decedent had reached the end of the crosswalk. As a result, an oncoming vehicle, the SUV, had a green light at the time the decedent was still in the road. The SUV struck the decedent while exceeding the posted speed limit, dragging the decedent for about 200 feet until he fell beneath the vehicle. The driver of the vehicle did not stop to render aid.

Less than 10 minutes after that incident, Appellant arrived at the Rivers Casino, which was about 20 blocks away from where the decedent was struck by the SUV. Appellant told a security guard at the casino that he thought he was just involved in a hit-and-run accident, and that he may have killed someone.

Later, at about 1:42 a.m. that same night, Appellant was seen cleaning the outside of the SUV's hood. After briefly returning to the casino, Appellant left again at about 2:35 a.m. A second security guard noticed that the SUV had damage on the front bumper and the driver's side headlight. Appellant did not retrieve the SUV from the casino parking area, and it was towed from the premises. The SUV soon arrived at a scrapyard, whose owner contacted the police after noticing blood on the front of it. Police then recovered the vehicle and found that it was registered in Appellant's name.

The decedent had succumbed to his injuries by the time first responders had arrived to treat him at the scene of the accident. He died from sustaining numerous blunt impact injuries. The toxicology report for the decedent showed that he had trace amounts of cocaine and alcohol in his system at the time of his death. The decedent tested positive 180 micrograms per liter of cocaine; 820 micrograms per liter of benzoylecgonine (a metabolic of cocaine); and a blood alcohol content of 0.063%, which was well below the legal limit for operating a motor vehicle. The medical examiner opined that the presence of these substances in the decedent's bloodstream had nothing to do with the cause of his death.

Appellant turned himself in at a police station on March 10, 2021. He was charged with several offenses related to the decedent's traffic accident, and at trial, Appellant opted to represent himself. At the conclusion of the trial, Appellant was found guilty as charged. He was sentenced to consecutive prison terms of five to 10 years on the count of accidents involving death or personal injury; a term of two to four years on the count of homicide by vehicle; and one to two years on the count of tampering with physical evidence. The aggregate term totaled eight to 16 years.

Appellant retained counsel prior to sentencing, and with the aid of counsel, he filed a post-sentence motion, which the trial court denied. Appellant then timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925. *See* Trial Court 1925(a) Opinion, 2/12/204, at 3-10. In his brief, Appellant now raises three issues:

1. Did the trial [court] err as a matter of law in providing jury instructions as to accidents involving death or personal injury, homicide by vehicle, and tampering with physical evidence?

2. Did the trial [court] err as a matter of law by not providing a jury instruction of bystander contribution?

3. Did the trial [court] err as a matter of law by upholding the jury's verdicts which were against the weight and sufficiency of the evidence?

Appellant's Brief, at 7.

Appellant's first claim is that the trial court erred in instructing the jury on the elements of the charged offenses. He appears to be arguing that no instructions at all were warranted because the Commonwealth had not produced any evidence that Appellant was the driver of the vehicle that fatally collided with the decedent. *See* Appellant's Brief, at 11.

While ostensibly challenging the instructions, the logical implication of Appellant's first claim is that the evidence was legally insufficient, eliminating the need for the jury to receive any instructions at all. The sufficiency of the evidence has been challenged in Appellant's third claim, which we will address separately below. To the extent that Appellant has intended to challenge the jury instructions given by the trial court, the claim is waived and we cannot consider its underlying merit.

In order to preserve a challenge to a jury instruction for the purposes of appeal, the defendant must object to the proposed instructions prior to the jury's deliberations. *See Commonwealth v. Pressley*, 887 A.2d 220, 224 (Pa. 2005); *Commonwealth v. Smith*, 206 A.3d 551, 564 (Pa. Super. 2019).

The failure to place a timely, specific, objection on the record results in a waiver of the issue for lack of preservation. **See Smith**, 206 A.3d at 564 (citing Pa.R.A.P. 302(a)).

Here, Appellant did not object to any of the proposed jury instructions prior to deliberations. At the charge conference, Appellant, proceeding *pro se*, vaguely requested the trial court to instruct the jury on the elements of every offense that the Commonwealth had the burden of proving. **See** N.T. Trial, 6/14/2023, at 46. He has now raised the issue of improper jury instructions for the first time on appeal. As such, the issue is waived and its merits cannot be considered at this juncture. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's second claim is that the trial court erred in declining to instruct the jury on "bystander contribution," advising that the decedent's own intoxication and negligent conduct was a ground on which Appellant could be acquitted. **See** Appellant's Brief, at 12. This second claim is deficient for much the same reason as the first. In order to raise this issue on appeal, it was necessary for Appellant to have specifically objected to the proposed instructions prior to jury deliberations. Appellant failed to do so, precluding him from raising the issue on appeal for the first time. **See id**.[1]

_____

[1] Appellant argues that the jury should have been instructed that Appellant's conduct was not a direct cause of the decedent's death because the decedent's
*(Footnote Continued Next Page)*

Regardless, there appears to be little to no underlying merit to Appellant's claim. The trial court instructed the jury that it could consider the decedent's conduct when entering its verdict on the counts of accidents involving death or personal injury, and homicide by vehicle. As the trial court noted in its opinion, the jury was properly instructed that, for the counts of accidents involving death or personal injury, and homicide by vehicle, it had to consider "all of the factors and circumstances, including the nature and intend of the defendant's conduct, and the circumstances known to him." Trial Court 1925(a) Opinion, 2/12/2024, at 5-6. They jury also was instructed to consider whether Appellant's driving was a "direct cause of the death," and that the decedent "died as a result of the accident." *Id*., at 6; *see also* N.T. Trial, 6/14/2023, at 24-36, 90-94. Thus, the issue was waived, and in any event, the jury, in substance, ultimately received the instruction Appellant now claims was not given.[2]

_____

own actions played an independent and overriding role in bringing about the death, compared to the role played by Appellant, whose conduct did not amount to a direct and substantial factor. *See* Appellant's Brief, at 12. Appellant cites the Pennsylvania Suggested Standard Criminal Jury Instructions 15.2501(C)(3) (4th ed.).

[2] It would have been improper for the trial court to further instruct the jury to acquit Appellant if the decedent were found to be contributorily negligent. As the Commonwealth correctly notes in its brief, contributory negligence is not a viable defense to the crime of vehicular homicide where the defendant's conduct "was a direct and substantial factor in causing the accident." *See* Appellee's Brief, at 10 (quoting *Commonwealth v. Nicotra*, 625 A.2d 1259, 1264 (Pa. Super. 1993)). Appellant did not argue at trial, and does not argue on appeal, that his own conduct was not a direct and substantial factor in causing the accident.

Appellant's third and final claim must be divided into two distinct issues; first, Appellant contends that the evidence was legally insufficient as to all three offenses for which he was found guilty, and second, Appellant contends that the trial court abused its discretion in denying his post-sentence motion for a new trial in which he raised his weight of evidence claim. *See* Appellant's Brief, at 12-15.

It is not apparent from Appellant's 1925(b) statement that he has adequately preserved a sufficiency claim for our review. He only stated that the trial court erred in allowing the convictions to stand because they "were against the weight and sufficiency of the evidence." Appellant's 1925(b) Statement of Matters Complained of on Appeal, 1/8/2024, at para. 1.

To preserve a sufficiency claim, the appellant must specify which element or elements were not proven beyond a reasonable doubt. *See Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (pa. Super. 2020). "Any issue not raised in a Rule 1925(b) statement will be waived for appellate review." *Id*. Where the 1925(b) statement "does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal]." *Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008)). Accordingly, Appellant's blanket challenge to the sufficiency of his convictions does not adequately preserve the issue for appellate review, resulting in the waiver of the claim.

Even if we were to surmise that Appellant intended to challenge the identity element of each offense, and argue only that the evidence was insufficient to establish that he was the driver of the vehicle that struck the decedent, it would not be availing. The Commonwealth presented evidence that the vehicle which struck the decedent was registered in Appellant's name. Multiple witnesses testified that Appellant admitted to being involved in a hit-and-run accident on the night the of the decedent's death. Even though there were no eyewitnesses to the accident, there was sufficient evidence from which the jury could determine that Appellant was the driver of the subject vehicle. Thus, the evidence of guilt was legally sufficient.

Finally, with respect to Appellant's weight of the evidence claim, we again find that no relief is due. In his post-sentence motion for a new trial, Appellant argued that the evidence was contrary to the weight of the evidence. He maintained that the evidence did not prove his identity as the driver of the SUV that struck the decedent.

When a motion for a new trial has been filed, the role of the trial court is to "determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or given them equal weight with all the facts is to deny justice.'" **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (quoting **Commonwealth v. Widmer**, 744 A.2d 745, 752 (Pa. 2000)). "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is

imperative so that right may be given another opportunity to prevail." *Id*. (quoting *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994)).

On review of a trial court's denial of a weight of the evidence claim, the appellate court must consider not "the underlying question of whether the verdict is against the weight of the evidence," but rather whether the trial court abused its discretion. *Id*. (quoting *Widmer*, 744 A.2d at 753). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id*. (quoting *Widmer*, 744 A.2d at 753)). An abuse of discretion in this context means "where the course pursued [by the trial court] represents not merely an error in judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows the action is a result of partiality, prejudice, bias or ill-will." *Id*. (quoting *Widmer*, 744 A.2d at 753).

Here, Appellant stresses that there were no eyewitnesses to the accident, suggesting that the jury should have been able to consider that the decedent's own intoxication and negligence were the main cause of his death. *See* Appellant's Brief, at 14-15.

We find that the trial court did not abuse its discretion in denying Appellant's weight of evidence claim. Two witnesses testified that Appellant had admitted to being in a hit-and-run accident on the night the decedent was killed. The vehicle which struck the decedent was registered in Appellant's

name. A medical examiner testified that the controlled substances and alcohol found in the decedent's blood had played no part in causing his death.

On these facts, we cannot conclude that the trial court's ruling was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. There was ample evidence from which the jury could determine that Appellant was the driver of the SUV that struck the decedent on the night in question. The jury was free to credit the testimony of the Commonwealth's witnesses, and infer that Appellant drove the vehicle and admitted his role in striking the decedent. Further, as discussed above, the instructions given to the jury were adequate to apprise it that the decedent's actions could be considered when deciding the issue of Appellant's guilt. Thus, Appellant's weight of evidence claim has no merit, and the judgment of sentence must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2025